**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **ARROWHEAD GENERAL** | : | **CIVIL ACTION NO. 1:15-CV-1726** |
| **INSURANCE AGENCY, INC.,** | : | |
| | : | **(Chief Judge Conner)** |
| **Plaintiff** | : | |
| | : | |
| **v.** | : | |
| | : | |
| **LINCOLN GENERAL** | : | |
| **INSURANCE COMPANY,** | : | |
| | : | |
| **Defendant** | : | |

## ORDER

AND NOW, this 13th day of April, 2016, upon consideration of the motion
(Doc. 28) to lift stay filed by plaintiff Arrowhead General Insurance Agency, Inc.
("Arrowhead"), wherein Arrowhead requests the court to lift the stay of the
above-captioned matter—entered November 25, 2015 and effective pending
resolution of liquidation proceedings in the Commonwealth Court of Pennsylvania
against defendant Lincoln General Insurance Company ("Lincoln General"), (see
Doc. 27; see also Doc. 26), and asserts that "[a]ny delay in the process for reaching a
final resolution [in the instant case] prejudices Arrowhead," (Doc. 31 at 9), and that
Lincoln General fails to demonstrate the necessity of a stay, (see id. at 7-8), and
further upon consideration of the status report (Doc. 32) filed by Lincoln General on
February 29, 2016, wherein Lincoln General states that the appointed liquidator of
Lincoln General, Teresa D. Miller, Insurance Commissioner of the Commonwealth
of Pennsylvania ("Liquidator"), "is engaged in the time-consuming process of
assessing the assets, business and affairs of [Lincoln General] . . . . [and] must

review and analyze . . . numerous litigation matters in order to make the

assessments necessary [to] . . . determine how to proceed in this . . . matter[]," (id. at

3-4), and requests that the stay remain in place, (see id. at 4), or, alternatively, that

"the [c]ourt extend the stay . . . until on or about May 26, 2016, to allow the

Liquidator to appropriately evaluate what further steps may be necessary in this

case," (id.), and the court observing that the Burford abstention doctrine, see

Burford v. Sun Oil Co., 319 U.S. 315 (1943), requires federal district courts to avoid

interfering with "determinations of inherently local matters made by state courts

pursuant to a complex state regulatory scheme" when adequate state court review

is available and federal adjudication would prove disruptive, Univ. of Md. at Balt. v.

Peat Marwick Main & Co., 923 F.2d 265, 270 (3d Cir. 1991) (citing New Orleans Pub.

Serv., Inc. v. Council of New Orleans, 491 U.S. 350, 361 (1989)), and it appearing that

"the regulation of insurance companies unable to meet their obligations entails the

type of strong state interest in which application of Burford abstention is

appropriate," Gen. Reins. Corp. v. MS Cas. Ins. Corp., No. CIV.A.05-2253, 2005 WL

2039156, at *2 (E.D. Pa. Aug. 23, 2005) (quoting Lac D'Amiante du Quebec, Ltee v.

Am. Home Assurance Co., 864 F.2d 1033, 1045 (3d Cir. 1988)), but that the Third

Circuit has declined "to lay down a *per se* rule that district courts must always

abstain from an action against an insurance company the instant a state court

places the company in liquidation proceedings," Gen. Glass Indus. Corp. v.

Monsour Med. Found., 973 F.2d 197, 201 (3d Cir. 1992) (quoting Lac D'Amiante, 864

F.2d at 1045); see Feige v. Sechrest, 90 F.3d 846, 851 (3d Cir. 1996), and it further

appearing that courts applying Burford abstention principles must balance federal

interests in resolving a particular dispute with competing concerns for the "independence of state action," Quackenbush v. Allstate Ins. Co., 517 U.S. 706, 727-28 (1996) (quoting Burford, 319 U.S. at 334); Koken v. Cologne Reins. (Barbados), Ltd., 34 F. Supp. 2d 240, 248, 255 (M.D. Pa. 1999), and the court recognizing that "enforcement of arbitration agreements is a 'substantial federal concern,' " Koken, 34 F. Supp. 2d at 247, 254-55 (quoting Quackenbush, 517 U.S. at 728-29), pursuant to the Federal Arbitration Act, 9 U.S.C. § 1 *et seq.*, and that §§ 9 and 10 thereof, which allow a petitioner to seek judicial confirmation or vacatur of an arbitration award, are intended to provide streamlined mechanisms for said enforcement, see Hall St. Assocs., L.L.C. v. Mattel, Inc., 552 U.S. 576, 581-82, 588 (2008), and the court finding that continuation of the instant stay is warranted to avoid interference with state court liquidation proceedings concerning Lincoln General, to wit: to afford the Liquidator an opportunity to determine how the matter *sub judice* may influence Lincoln General's estate, (see Doc. 30 at 7-9; Doc. 32 at 4), but that a limited stay is necessary to allow the instant action—brought pursuant to §§ 9 and 10 of the Federal Arbitration Act—to proceed as expeditiously as possible under the

circumstances, it is hereby ORDERED that Arrowhead's motion (Doc. 28) to lift stay

is GRANTED in part and DENIED in part, as follows:

1.  The above-captioned action remains STAYED until **Thursday,
    May 26, 2016**.  (See Doc. 27 ¶ 1).

2.  Counsel for Lincoln General shall submit an additional status report
    concerning the liquidation proceedings referenced in Document 26 on
    or before **Thursday, May 19, 2016**.  (See id. ¶ 2).

3.  Absent intervening action by the Liquidator, the court will direct the
    Clerk of Court to REOPEN this matter on May 26, 2016, and to
    REINSTATE Arrowhead's petition (Doc. 3) to confirm arbitration
    award and Lincoln General's motion (Doc. 18) to vacate arbitration
    award.  (See id. ¶ 3).

4.  The Clerk of Court is directed to mail a copy of this order to the
    Liquidator at the following address:

    Teresa D. Miller, Insurance Commissioner
    Pennsylvania Insurance Department
    1326 Strawberry Square
    Harrisburg, PA 17120


                    /S/ CHRISTOPHER C. CONNER
                    Christopher C. Conner, Chief Judge
                    United States District Court
                    Middle District of Pennsylvania